**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN DOE TS, )
)
        Plaintiff, )
)
v. )
)    **Case No. 17-2349**
UNITED STATES OF AMERICA and )
MARK WISNER, )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff John Doe TS brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff and elicited unnecessary private information. Plaintiff also alleges several state law claims. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 6). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

**I.**     **Factual Background and Legal Standards**

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant ("PA") for the VA, and is a defendant in more than seventy pending civil suits before this court.

-1-

The claims in this case are virtually identical to those in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227-CM, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe v. United States*, No. 16-2162-CM, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) Count I: Negligence – Medical Malpractice; (2) Count II: Negligent Supervision, Retention and Hiring; (3) Count III: Negligent Infliction of Emotional Distress; (4) Count IV: Outrage; (5) Count V: Battery; and (6) Count VI: Invasion of Privacy – Intrusion Upon Seclusion.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe*, 2017 WL 1908591, at *2.

**II.     Discussion**

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

This court has repeatedly held that plaintiffs with similar allegations to those here have sufficiently alleged that Wisner's conduct was within the scope of his employment. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *4; *Doe*, 2017 WL 1908591, at *4. The court also has held that plaintiffs with similar allegations have presented plausible claims that the VA Immunity Statute applies, allowing them to pursue remedies under the FTCA for claims arising out of a battery. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *5; *Doe*, 2017 WL 1908591, at *4.

Defendant does not rehash the same arguments that it made in previous cases about scope of employment and the VA Immunity Statute. But defendant does argue that the allegations in plaintiff's complaint are more in the nature of intentional sexual assault than negligence. Defendant claims that plaintiff's allegations are inconsistent with the position that Wisner engaged in conduct that was a slight deviation from his scope of employment, and asks the court to revisit its prior findings. The court addresses this, along with the other new arguments of defendant, below.

### A. **Scope of Employment**

As noted above, the court has previously found that plaintiff plausibly pleaded that Wisner's acts were within the scope of his employment. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *4; *Doe*, 2017 WL 1908591, at *4. Now, with plaintiff's new allegations, defendant asks the court to reconsider this holding.

#### *1. O'Shea Factors*

Even with plaintiff's new allegations, the analysis does not change for the court. Applying the "slight deviation" factors from *O'Shea v. Welch*, 350 F.3d 1101, 1108 (10th Cir. 2003), the court determines that plaintiff has still adequately pleaded that Wisner's conduct was within the scope of his employment because it was only a slight deviation from his duties. Once again, these factors are: (1) the employee's intent; (2) the nature, time, and place of the deviation; (3) the time consumed in the deviation; (4) the work for which the employee was hired; (5) the incidental acts reasonably expected by the employer; and (6) the freedom allowed the employee in performing his job responsibilities. *O'Shea*, 350 F.3d at 1108 (citation omitted).

First, the employee's intent. Plaintiff has pleaded that Wisner had a mixed motive—both to provide exams per his job, but also for personal gratification. These allegations are sufficient to

suggest that plaintiff's intent was at least partially to do his job. This factor weighs in favor of plaintiff.

Second, the nature, time, and place of the deviation. Wisner committed the physical examinations of plaintiff's genitalia as part of an overall physical exam, during working hours, and in the examination room. This factor favors plaintiff.

Third, the time consumed in the deviation. Plaintiff alleges that Wisner conducted the improper examinations and asked the improper questions during a regular physical examination. A reasonable inference from these allegations is that the deviation lasted only a few minutes, during a longer medical appointment. This factor again favors plaintiff.

Fourth, the work for which the employee was hired. Wisner was hired to perform physical examinations, including genitalia, rectal, and prostate exams. The allegedly improper conduct was committed during the course of Wisner's regular duties. Again, this factor weighs in favor of plaintiff.

Fifth, the incidental acts reasonably expected by the employer. Because of Wisner's position, the United States reasonably expected him to conduct physical examinations of veterans. Plaintiff's complaint adequately alleges that the United States could have expected him to conduct these duties in a substandard method. This factor is not as strong as some of the others, but it still favors plaintiff.

Sixth, the freedom allowed the employee in performing his job responsibilities. According to plaintiff's complaint, Wisner had very little supervision or oversight. He was allowed to operate alone, which favors plaintiff.

On the whole, the court finds that the factors weigh in favor of plaintiff. Despite the new allegations in plaintiff's complaint, plaintiff has still adequately alleged that Wisner's conduct was within the scope of his employment.

### 2. *VA Immunity Statute*

Defendant argues again that the VA Immunity Statute does not save plaintiff's claims from being barred by 28 U.S.C. § 2680(h), which provides that the FTCA "shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ." The new allegations in plaintiff's complaint do not change the court's analysis. For the reasons stated in other similar cases, the court determines that plaintiff has plausibly alleged that the VA Immunity Statute applies to plaintiff's claims. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *5; *Doe*, 2017 WL 1908591, at *4.

### B. Count II – Negligent Supervision, Hiring, and Retention

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention based on the discretionary function exception to the FTCA. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *8–*9; *Doe*, 2017 WL 1908591, at *8. Plaintiff now asks the court to deny defendant's motion with respect to these claims because the VA had mandatory duties under the U.S. Constitution.

#### *1. Negligent Hiring and Retention – Constitutional Duties*

A number of circuits have held that the discretionary function exception does not shield the United States from FTCA liability for actions that exceeded the government's constitutional authority. *Loumiet v. United States*, 828 F.3d 936, 943 (D.C. Cir. 2016) (noting that the First, Second, Third, Fourth, Fifth, Eighth, and Ninth Circuits "have either held or stated in dictum that the discretionary-function exception does not shield government officials from FTCA liability when they exceed the scope of their constitutional authority"). *But see Kiiskila v. United States*, 466 F.2d 626, 627 (7th Cir. 1972); *Linder v. McPherson*, No. 14-cv-2714, 2015 WL 739633, at *13 (N.D. Ill. Jan. 29, 2015). Other courts have avoided ruling on the issue, but suggested that the United States may not have waived its immunity for constitutional violations. *See, e.g.*, *Tsolmon v. United States*, No. H-13-3434, 2015 WL 5093412, at *10 (S.D. Tex. Aug. 28, 2015) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477

(1994), which stated that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims").

Plaintiff alleges that defendant failed to perform a number of requirements "with reckless disregard for [p]laintiff's wellbeing and with deliberate[] indifference to his Fourth, Fifth, and Fourteenth Amendment rights to bodily integrity and privacy." (Doc. 1, at 12.) As the court has discussed before, plaintiff also identifies a number of VHA Handbook provisions and VHA Directives that defendant failed to follow. Plaintiff makes specific allegations about the duties in these documents that defendant neglected. But plaintiff does not make specific allegations about how the failure to comply with these duties also violated the constitution. Assuming—without holding—that the majority of appellate courts are correct about FTCA liability for exceeding constitutional authority, it is unclear precisely how specific allegations must be to adequately allege that defendant violated mandatory duties under the constitution. Here, the court believes that plaintiff has not been specific enough. *Cf. Garza v. United States*, 161 F. App'x 341, 343 (5th Cir. 2005) (holding that the "Eighth Amendment's prohibition against cruel and usual punishment [does not] define a non-discretionary course of action specific enough to render the discretionary function exception inapplicable"); *Linder*, 2015 WL 739633, at *12 (noting that some courts have applied a standard similar to that of qualified immunity); *see also Loumiet*, 828 F.3d at 946 (declining to address whether a qualified immunity standard should be applied).

Moreover, plaintiff's pleaded facts fall short of alleging actual deliberate indifference. "'Deliberate indifference' is a stringent standard of fault, requiring proof that a [state] actor disregarded a known or obvious consequence of his action." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013); *Sinnett v. Simmons*, 45 F. Supp. 2d 1210, 1219 (D. Kan. 1999) ("The deliberate indifference standard also requires plaintiff to establish that defendant

officials acted with a culpable state of mind and that defendant's conduct was akin to criminal recklessness and not mere negligence."). Although plaintiff recites the "deliberate indifference" language, the facts relating to the actions of defendant (as opposed to Wisner) do not support such a culpable state of mind.

For these reasons, the court determines that the new allegations of unconstitutional conduct in plaintiff's complaint do not negate application of the discretionary function exception. On this basis, and for the reasons discussed in prior similar cases, the court dismisses plaintiff's claims for negligent hiring and retention.

### 2. *Negligent Supervision*

As for the negligent supervision claim, the court has allowed this claim to proceed in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *7; *Doe*, 2017 WL 1908591, at *6. Plaintiff's new constitutional arguments do not change that outcome. But defendant now proffers a new argument for dismissal: plaintiff's negligent supervision claim is subsumed in his negligent hiring and retention claims, and it should likewise be dismissed under the discretionary function exception. Specifically, defendant wants the court to disregard plaintiff's characterization of his harm being based on the VA's negligent supervision of Wisner. Instead, defendant wants the court to look beyond plaintiff's characterization and see that the injuries were actually "caused by the VA's decisions to hire, retain, and discipline Wisner—decisions which are inherently discretionary and which this [c]ourt has previously held fall squarely within the discretionary function exception." (Doc. 7, at 18.) In other words, defendant asks the court to hold that plaintiff's negligent supervision claim is an impermissible attempt to circumvent the discretionary function exception, so it must be dismissed along with the negligent hiring and retention claims.

The court has previously set forth the law at length on the discretionary function exception. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *6–*9; *Doe*, 2017 WL 1908591, at *5–*8. For brevity, the court does not repeat it here, but incorporates it by reference.

Defendant's new arguments are not persuasive for at least two reasons. First, plaintiff has pleaded that he suffered damages because of defendant's inadequate supervision of Wisner. The court accepts these allegations as true at this stage of the litigation. Second, in Kansas, negligent supervision is a separate cause of action from negligent hiring and retention. *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1223 (Kan. 1998). Negligent supervision is not subsumed into negligent hiring or retention. For these reasons, as well as those the court has set forth in other related opinions, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

**C.     Counts III and IV – Negligent Infliction of Emotional Distress and Outrage**

As this court has previously held, a claim for negligent infliction of emotional distress must include a qualifying physical injury. *Majors v. Hillebrand*, 349 P.3d 1283, 1285 (Kan. Ct. App. 2015). This rule does not apply, however, when the conduct is willful or wanton. *Id.* (citing *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983)). Plaintiff attempts again to plead a plausible claim by alleging willful and wanton conduct, but this court has already held that this characterization of plaintiff's claim is duplicative of plaintiff's outrage claim. Again, the court dismisses plaintiff's claim for negligent infliction of emotional distress in part for failure to allege a physical injury and in part as duplicative of the outrage claim.

Defendant also asks the court to dismiss both the negligent infliction of emotional distress claim and the outrage claim under the discretionary function exception. Defendant argues that the conduct that is barred by the discretionary function exception in Count II is the same conduct alleged in Counts III and IV—thereby making these counts also subject to the discretionary function

exception. But the court has held that plaintiff plausibly placed his supervision claim outside the discretionary function exception. The same rationale applies to plaintiff's claim of outrage (although the court dismisses the negligent infliction of emotional distress claim on other grounds).

### D. Count V – Invasion of Privacy – Intrusion Upon Seclusion

Finally, the court has repeatedly addressed plaintiff's allegations for invasion of privacy – intrusion upon seclusion and found that they fail to state a claim. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *10–*11; *Doe*, 2017 WL 1908591, at *10. Plaintiff has not made any arguments here that justify altering the court's analysis. This claim is therefore dismissed for the same reasons previously given.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 6) is granted in part and denied in part. The motion is granted as to Counts III and V. The motion is also granted as to plaintiff's negligent hiring and retention claim in Count II, but denied as to plaintiff's negligent supervision claim in Count II, as well as Count IV.

Dated this 10th day of October, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**